# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| CHRISTIAN VARES, | : | |
| Plaintiff, | : | |
| vs. | : | CA 21-0148-CG-MU |
| STATE OF ALABAMA, et al., | : | |
| Defendants. | | |

## REPORT AND RECOMMENDATION

This action is back before the Court on Plaintiff's second-amended *pro se* complaint (Doc. 10) and has been referred to the undersigned for pretrial disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule 72(a)(2)(S). Upon consideration of all relevant pleadings filed in this case, it is recommended that this action be **DISMISSED WITHOUT PREJUDICE**, prior to service of process, for the following reasons: (1) to the extent Plaintiff seeks money damages against Baldwin County Circuit Judge C. Joseph Norton, he has stated no claim for relief because Judge Norton is entitled to absolute judicial immunity; (2) the second-amended complaint continues to be a shotgun pleading and, as such, fails to give any Defendant adequate notice of the claims against him/it and the grounds upon which each claim rests; and (3) Plaintiff has failed to state a claim upon which relief can be granted against any possible Defendant.

## PROCEDURAL BACKGROUND AND FACTS

By Order entered on April 16, 2021, the undersigned identified various deficiencies in Plaintiff's original complaint that he needed to remedy in an amended

complaint. (Doc. 3, PageID. 167-178; *compare id. with* 1 (complaint)).[1] Indeed, the undersigned determined that Vares' original complaint was a deficient shotgun pleading and Plaintiff was ordered to file an amended complaint that complied with Rules 8 and 10 of the Federal Rules of Civil Procedure. (*See* Doc. 3). Plaintiff was generally informed that his amended complaint must be a short and plain statement of his claims showing that he is entitled to relief. (*See id.,* PageID. 172 & 172-74). The Court also told Plaintiff, among other things, that he must allege specific facts against each Defendant so that each named Defendant can prepare a response, as the Court was not responsible for figuring out any claims for Plaintiff. (*See id.,* PageID. 176).

Vares filed his first-amended complaint on June 14, 2021. (Doc. 8). In an Order dated and entered on June 23, 2021, the undersigned again extended Vares the opportunity to file a second-amended complaint, finding Plaintiff's 55-page amended complaint "not a short nor a plain statement of the claims demonstrating that [he] is entitled to relief." (Doc. 9, PageID. 385). The undersigned noted that the first-amended complaint (like his original complaint) did not "give any of the Defendants fair notice of what Plaintiff's claim is against each Defendant[,]" as required by Rule 8(a)(2) (*id.*), and remained a shotgun pleading because, for instance, it did not ""separate[e] into a different count each cause of action or claim for relief[.]""" (*Id.,* quoting *Adams v.*

---

[1] Since Plaintiff has already twice been extended the opportunity to file amended complaints to correct the deficiencies in his original pleading and first-amended complaint (*see* Docs. 3 & 9) and has now filed a second-amended complaint (Doc. 10), he need be given no further opportunity to amend his complaint before ruling on whether he has complied with those previous orders or stated a claim upon which relief may be granted. *Compare, e.g., Butler v. Morgan,* 562 Fed.Appx. 832, 835 (11th Cir. Apr. 3, 2014) ("A district court must grant a plaintiff at least one opportunity to amend his complaint before dismissal if 'it appears a more carefully drafted complaint might state a claim upon which relief can be granted,' even if the plaintiff never seeks leave to amend.").

*Huntsville Hosp.,* 819 Fed.Appx. 836, 838 (11th Cir. July 10, 2020), in turn quoting *Weiland v. Palm Beach County Sheriff's Office,* 792 F.3d 1313, 1323 (11th Cir. 2015)). Therefore, the undersigned entered an Order instructing Vares to file a second-amended complaint, limited to a length of 20 pages, by not later than July 26, 2021. (*See id.,* PageID. 394). Before getting to that directive, however, the undersigned gave Vares a primer on § 1983 claims against state actors (*see id.,* PageID. 387-390) and explained a federal district court's subject-matter jurisdiction in the context of discussing the apparent state-law claims asserted against non-state actors in the first-amended complaint (*see id.,* PageID. 390-94). In the section addressing § 1983 claims against state actors, the undersigned referenced judicial immunity (*id.,* PageID. 389) and explained that a two-year limitations period applies to all § 1983 claims (*see id.,* PageID 389-90).

Plaintiff's second-amended complaint filed July 20, 2021 (Doc. 10), the operative pleading in this case (*see* Doc. 9, PageID. 386), to Vares credit is much shorter than his first-amended complaint (*see* Doc. 10, PageID. 396-402), pared from 55 pages to 7 pages.[2] However, Plaintiff's nod to brevity cannot save his complaint from dismissal, as explained hereinafter.

---

[2]    In addition, this second-amended complaint has eliminated numerous Defendants contained in the first-amended complaint, as in the style of this complaint Plaintiff only identifies as Defendants the following entities/individuals: (1) the State of Alabama; (2) C. Joseph Norton; (3) the Unified Judicial System of the State of Alabama; (4) the Baldwin County Sheriff's Office; and (5) the Baldwin County District Attorney's Office. (*See id.,* PageID. 396). As explained, *infra,* Plaintiff's second-amended complaint asserts no claims for liability against any identified Defendant other than Judge C. Joseph Norton.

## CONCLUSIONS OF LAW

A. **Judicial Immunity.** Plaintiff's second-amended complaint focuses almost exclusively on the actions or inactions of Baldwin County Circuit Judge C. Joseph Norton (*see* Doc. 10, PageID. 397-402) and specifically alleges only that Norton denied him due process and equal protection under the laws and is liable to him in damages (*id.,* PageID. 399-400; *see id.,* PageID. 400 ("Defendant Joseph [] Norton is responsible for the payment of Plaintiff Mr. Vares's attorney's fees and costs as part of Plaintiff Mr. Vares's damages for denial of due process under the law and denial of equal protection under the law, expoliation[3] of evidence, and denial of trial by jury, in violation of 42 USC 1983. . . . Through fraud and blatant willful disregard for the facts and law, Defendant Joseph [] Norton has denied Plaintiff Mr. Vares due process of law and equal protection under the law . . . .")).

"Judges are entitled to absolute immunity from suits for acts performed while they are acting in their judicial capacity unless they acted in 'complete absence of all jurisdiction.'" *Allen v. Florida,* 458 Fed.Appx. 841, 843 (11th Cir. Feb. 23, 2012), quoting *Mireles v. Waco,* 502 U.S. 9, 12, 112 S.Ct. 286, 288, 116 L.Ed.2d 9 (1991). Indeed, "[a] judge is entitled to immunity even when his conduct 'was in error, was done maliciously, or was in excess of his authority . . . .'" *McIndoo v. Broward County,* 750 Fed.Appx. 816, 819 (11th Cir. Sept. 19, 2018), quoting *Stump v. Sparkman,* 435 U.S. 349, 356, 98 S.Ct. 1099, 1105, 55 L.Ed.2d 331 (1978); *see also Drees v. Ferguson,* 396 Fed.Appx. 656,

---

[3] The Magistrate Judge understands Plaintiff to be referencing spoliation of evidence as an internet search for "expoliation" reveals that "expoliation" is an obsolete form of "exspoliation," https://en.wiktionary.org>wiki>expoliation (last visited, July 26, 2021), and "exspoliation" is defined as "spoliation[,]." https://www.webster-dictionary.org>definition>Exspoliation (last visited, July 26, 2021).

4

658 (11th Cir. Sept. 21, 2010) ("A judge does not act in the 'clear absence of all jurisdiction' when he acts erroneously, maliciously or in excess of his authority, but instead, only when he acts without subject-matter jurisdiction.").

Here, Vares' claims against Judge C. Joseph Norton stem from the judge's judicial ruling dismissing/denying a purported compulsory counterclaim Vares filed against numerous individuals and entities, inclusive of Defendants named in the style of the present action (the State of Alabama, the Baldwin County Sheriff's Office, and the Baldwin County District Attorney's Office).[4] It is all too clear that the decision by Judge Norton was made in the direct exercise of his judicial function, *see Stump, supra,* 435 U.S. at 362, 98 S.Ct. at 1107 (in determining whether an act by a judge is "judicial" in nature, a court considers "whether it is a function normally performed by a judge" and whether the parties "dealt with the judge in his judicial capacity"), Vares' own allegations in the second-amended complaint making it apparent that his pleading was dismissed/denied at or after a hearing before Judge Norton on a motion to dismiss filed by the Defendants (*see* Doc. 10). And while Vares challenges Judge Norton's ruling as wrongly decided, he alleges no facts whatsoever that Judge Norton acted in the "clear absence of all jurisdiction." *See Allen, supra,* 458 Fed.Appx. at 843*.* Accordingly, Vares'

---

[4] The undersigned specifically utilizes the word "purported" because what Vares did is "style" his complaint as a "Compulsory Counterclaim." (*See* Doc. 10, PageID. 438-39). However, no matter what Vares may "call" his complaint, it was a complaint and simply cannot be regarded as a compulsory counterclaim upon Plaintiff's mere insistence that the pleading was a compulsory counterclaim.

The undersigned has reviewed Vares' state-court pleading, at once acknowledged as a complaint but "titled" a compulsory counterclaim (*see* Doc. 10, PageID. 438-39), and it is apparent that this pleading was filed by Vares after a Baldwin County jury found him not guilty (*see* Doc. 10, PageID. 404) on criminal charges, including violation of a Protection From Abuse Order, second-degree assault, and first-degree false imprisonment (*compare id. with id.,* PageID. 397).

5

claims against Judge Norton are barred by absolute judicial immunity, *see McIndoo, supra,* 750 Fed.Appx. at 819, and, therefore, the second-amended complaint against Norton is properly dismissed for failure to state a claim, *see Allen, supra,* 458 Fed.Appx. at 843.

Apart from the complained-of conduct of Baldwin County Circuit Judge Joseph Norton, Vares makes almost no factual allegations against the remaining defendants—that is, the State of Alabama, the Unified Judicial System of the State of Alabama, the Baldwin County Sheriff's Office, and the Baldwin County District Attorney's Office[5]—and absolutely asserts no claims for liability against these four identified Defendants. (*See* Doc. 10). Accordingly, Plaintiff has stated "no claim for relief against these defendants." *McIndoo, supra,* 750 Fed.Appx. at 819.

B. **Plaintiff's Complaint Remains a Shotgun Pleading.** Although the foregoing analysis suffices for this Court to dismiss Vares' second-amended complaint, the undersigned also briefly addresses Plaintiff's futile attempt to state claims against Judge Norton given his continued failure to comply with Rules 8(a)(2) and 10(b) of the Federal Rules of Civil Procedure.

> Rule 8 requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Though there is no required technical form, "[e]ach allegation must be simple, concise, and direct." *Id.* at 8(d)(1). The statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007) (quotation omitted) (ellipses in original). Additionally, each separate claim should be presented in a separate number paragraph, with each paragraph "limited as far as practicable to a single set of circumstances." Fed.R.Civ.P. 10(b).

---

[5] The one exception is that Vares does allege that he presented to the Baldwin County Sheriff's Office a FOIA request for video taken on certain dates and times at identified places. (*Compare* Doc. 10, PageID. *with id.*, PageID. 399).

*Muhammad v. Muhammad,* 654 Fed. Appx. 455, 456-57 (11th Cir. June 27, 2016) (quoting *Albra v. Advan, Inc.,* 490 F.3d 826, 829 (11th Cir. 2007)), *cert. denied,* ___ U.S. ___, 137 S.Ct. 1206, 197 L.Ed.2d 247 (2017). And, as this Court has previously explained, **"[a] complaint that fails to follow Rules 8 and 10 may be classified as a shotgun pleading."** *Id.* at 457. In particular, **"[s]hotgun pleadings violate Rule 8(a)(2)'s 'short and plain statement' requirement by 'failing . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.'"** *McDonough v. City of Homestead,* 771 Fed.Appx. 952, 955 (11th Cir. May 7, 2019), quoting *Vibe Micro, Inc. v. Shabanets,* 878 F.3d 1291, 1294-95 (11th Cir. 2018) (other citation omitted). Stated somewhat differently, a shotgun pleading is defined by "[t]he failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading[.]" *Beckwith v. Bellsouth Telecommunications Inc.,* 146 Fed.Appx. 368, 371 (11th Cir. Aug. 22, 2005), citing *Byrne v. Nezhat,* 261 F.3d 1075, 1129-30 (11th Cir. 2001). "Shotgun pleadings are characterized by: (1) multiple counts that each adopt the allegations of all preceding counts; (2) conclusory, vague, and immaterial facts that do not clearly connect to a particular cause of action; (3) failing to separate each cause of action or claim for relief into distinct counts; or (4) combining multiple claims against multiple defendants without specifying which defendant is responsible for which act." *McDonough, supra,* 771 Fed.Appx. at 955.

Here, Vares' second-amended complaint remains a shotgun pleading due to his wholesale failure to separate each of his claims into separate counts. As the undersigned appreciates it, Vares means to assert four separate claims against Norton, namely, for denial of due process, denial of equal protection of the laws, denial of his

7

right to trial by jury, and for fraud and "expoliation" of evidence (*compare* Doc. 10, PageID. 397 *with id.,* PageID. 399-400) yet has explicitly asserted all four claims in but one count (*see id.,* PageID. 400 ("Plaintiff realleges, adopts and incorporates the allegations set forth in paragraphs 1 thru 25 above as though fully set forth in this Count 1.")). What Vares should have done instead is set forth all relevant factual allegations and then separate each of his claim into separate counts, Count I a claim for denial of due process, Count II a claim for denial of equal protection of the laws, and the like. This separation would have made it clear the Defendant or Defendants to whom each count was directed and would have supplied Vares with an appropriate opportunity to address the elements of each of his purported claims. As it stands now, all that his second-amended complaint contains is his "conclusions/conclusory allegations" that he was denied due process of law, equal protection under the laws, and right to a trial by jury, and additionally that there was fraud and "expoliation" of evidence, but no delineation of the elements of any of his claims. *See Toth v. Antonacci,* 788 Fed.Appx. 688, 691 (11th Cir. Oct. 7, 2019) (indicating that the failure to set forth the elements of claims is a problem that violates Rule 8(a)(2)'s "short and plain" statement requirement), *cert. denied,* \_\_\_ U.S. \_\_\_, 140 S.Ct. 2723, 206 L.Ed.2d 857 (2020).[6] Given these

---

[6] For instance, "'a § 1983 claim alleging a denial of procedural due process requires proof of three elements: (1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process.'" *Jones v. Gadsden County Schools,* 758 Fed.Appx. 722, 726 (11th Cir. Dec. 14, 2018), quoting *Grayden v. Rhodes,* 345 F.3d 1225, 1232 (11th Cir. 2003). And, here, Vares nowhere identifies a constitutionally protected liberty or property interest, and he has not identified constitutionally inadequate process (nor can he because a hearing was conducted prior to his counterclaim being dismissed/denied).

"To state a claim for violation of the Equal Protection Clause, a plaintiff must allege that he was treated differently from similarly situated persons." *Ouur Temple v. Board Members & Executive Officers VNU-USA, Inc.,* 2005 WL 8155074, *2 (N.D. Ga. Sept. 30, 2005). And (Continued)

numerous problems, Defendant Norton[7] "'could not reasonably be expected to frame a responsive pleading[,]'" *id.,* quoting *Jackson v. Bank of America, N.A.,* 898 F.3d 1348,1358 (11th Cir. 2018), even if (for some unknown reason) he was not entitled to absolute judicial immunity. As a result, Vares' second-amended complaint still warrants dismissal as a shotgun pleading that fails to state a claim upon which relief may be granted.

## **CONCLUSION**

Based upon the foregoing, it is **RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE**, prior to service of process, because Judge Norton is entitled to absolute judicial immunity and because Plaintiff's second-amended complaint remains a shotgun pleading that fails to state a claim upon which relief may be granted.

---

because Vares' second-amended complaint does not contain an allegation that he was treated differently from others similarly situated, he has failed to state a claim upon which relief may be granted. *See id.*

As for Vares' purported § 1983 claim based upon the state court's denial of right to trial by jury, it suffices to note that a Rule 12(b)(6) dismissal does not violate the right to trial by jury. *See Henry v. Jones,* 484 Fed.Appx. 290, 291 (11th Cir. Mar. 27, 2012) ("Because dismissal under Rule 12(b)(6) was proper, Henry's Seventh Amendment right to a trial by jury was not violated."); *accord Garvie v. City of Fort Walton Beach, Florida,* 366 F.3d 1186, 1190 (11th Cir. 2004) (holding that a grant of summary judgment did not violate the Seventh Amendment). And Vares only makes conclusory reference to "fraud" and, therefore, has not stated a claim for relief, as fraud must be pled with particularity. *See* Fed.R.Civ.P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."). And, finally, this Court is unaware of the legal basis for a § 1983 claim for "expoliation" of evidence but even if such a claim exists, Plaintiff has not properly alleged a factual basis for such a claim because he never alleges that Norton (or any other Defendant for that matter) has destroyed any evidence.

[7]   No other identified Defendant, for that matter, could be expected to frame a responsive pleading to Plaintiff's second-amended complaint.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. GenLR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 28th day of July, 2021.

                                                s/P. Bradley Murray
                                               **UNITED STATES MAGISTRATE JUDGE**